IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**REBECCA FERGUSON**,

        Plaintiff,

v.

**JAMES JORDAN**,

        Respondent.

CIVIL ACTION NO.: 3:17-CV-120
(CHIEF JUDGE GROH)

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Rebecca Ferguson's ("Plaintiff") *pro se* Motion [ECF No. 2] for Leave to Proceed Without Prepaying Fees or Costs and Motion [ECF No. 5] for Appointment of Counsel.[1] Because Plaintiff seeks to proceed without prepaying fees, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). In substance, Plaintiff's complaint appeals the judgment of the Supreme Court of Appeals of West Virginia, which affirmed the lower state court decisions granting James Jordan ("Defendant") 100% custody of responsibility for the parties' minor child. Compl., ECF No. 1 at 4. Because the undersigned concludes that this Court lacks subject matter jurisdiction, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice and that Plaintiff's motions to proceed without prepaying fees and to appoint counsel be denied as moot.

---

[1] Both motions were referred to the undersigned by order dated October 4, 2017. Order of Referral, ECF No. 9.

## II. Facts & Procedural History

### A. The Underlying Custody Dispute & Related Litigation

The Supreme Court of Appeals outlined a portion of the relevant facts as follows:

> The parties never married, but have a six-year-old child together. On February 4, 2016, respondent filed a petition in the Family Court of Berkeley County requesting that he be allocated 100% of custody responsibility for the parties' child because of petitioner's incarceration. Previously, petitioner was convicted in the Circuit Court of Berkeley County of eight counts of identity theft and five counts of child abuse by a parent resulting in injury to her children from prior relationships.
>
> On March 4, 2016, petitioner filed a motion for appointment of counsel and a motion for her transportation to any hearing held in this case. The family court did not rule on petitioner's motions before holding an initial hearing on respondent's petition on March 30, 2016. Consequently, petitioner did not appear for that hearing. By order entered on April 8, 2016, the family court appointed a guardian ad litem ("GAL") for petitioner because of her incarcerated status, appointed a GAL for the parties' child, and set the matter for a final hearing on June 30, 2016.
>
> By order entered on April 29, 2016, the family court denied petitioner's motions for appointment of counsel and for her transportation to the June 30, 2016, final hearing, and reversed that portion of its April 8, 2016, order that appointed a GAL for petitioner. The family court found that it could decide the issue of custodial responsibility for the parties' child without petitioner's presence at the final hearing and without the appointment of an attorney or a GAL to represent her.
>
> Following the final hearing, the family court allocated 100% of custodial responsibility for the parties' child to respondent based on a finding that it was in the child's best interests, "pending further order of the [c]ourt." Petitioner appealed the family court's July 28, 2016, order to the circuit court. Petitioner alleged that the family court denied her due process of law by (1) failing to enter a scheduling order for the proper management of the parties' case; (2) denying her motion for appointment of counsel; (3) denying her motion to

2

> be transported to the March 30, 2016 hearing; and (4) refusing to order her transportation to the June 30, 2016, final hearing, which led to an erroneous allocation of custodial responsibility. On a September 21, 2016, appeal checklist completed by the circuit court, the court found that visitation was not an issue in the case.
>
> By order entered on September 21, 2016, the circuit court affirmed the family court's allocation of 100% of custody responsibility for the parties' minor child. The circuit court found that petitioner's projected release date from prison was not until August of 2024 and that, accordingly, neither petitioner's presence at the June 30, 2016, final hearing or an attorney/GAL to represent her would have changed the result of that hearing. The circuit court determined that petitioner would be entitled to counsel if the instant case included the termination of her parental rights, but that this case involved solely the issue of custodial responsibility. The circuit court noted that, once petitioner is released from prison, she may file a petition to modify the allocation of custodial responsibility set forth in the family court's July 28, 2016, order. Petitioner now appeals from the circuit court's September 21, 2016, order.

Rebecca F. v. James J., No. 16–0991, 2017 WL 3821867, at *1–2 (W. Va. Sept. 1, 2017) (footnotes omitted).

In September 2017, the Supreme Court of Appeals affirmed the circuit court's order upholding the family court's order allocating 100% of custody responsibility to Defendant. Id. at 3. In support, the Court acknowledged Plaintiff's concession "that it is 'not possible' for her to have custody of the parties' child because of her incarceration and that, if she does not obtain release on parole or post-conviction relief, she will not discharge her sentence until 2024." Id. In addition, the Court explained that this case involves nothing more than custodial responsibility and Plaintiff is free to petition for modification of the family court's order in the future, for good cause shown. Id.

3

### B. The Complaint

Approximately one month later, Plaintiff filed the instant *pro se* complaint requesting this Court to reverse the judgment of the Supreme Court of Appeals. ECF No. 1 at 4. In addition, Plaintiff requests that this Court, if necessary, remand the case for further proceedings in state family court. Id. In support, Plaintiff claims that her constitutional rights were ostensibly violated, including her rights under the First, Sixth, and Fourteenth Amendments. Id. In addition, Plaintiff cites the concept of judicial misconduct, generally, and directs the Court's attention to West Virginia Rule of Civil Procedure 17. Id.

The undersigned addresses these arguments, collectively, below.

### III.   DISCUSSION

### A. Legal Standard

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with her request or Motion for Leave to Proceed *In Forma Pauperis*. See Fed. R. Civ. P. 24. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed sua sponte (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### B. The Court Lacks Subject Matter Jurisdiction

Plaintiff requests this Court to reverse the judgment of the Supreme Court of Appeals of West Virginia because the decision denies her various constitutional rights. ECF No. 1 at 4. Because Plaintiff's complaint invites this Court to review and reject the judgment of the Supreme Court of Appeals, Plaintiff's claims are barred by the Rooker-Feldman Doctrine.

"Congress has vested federal review of state court decisions exclusively in the Supreme Court, which has discretion to grant a writ of certiorari." Natusch v. Nibert, No. 1:16CV81, 2017 WL 1155375, at *4 (N.D. W. Va. Mar. 28, 2017) (citing 28 U.S.C. § 1257(a)). "District courts, as courts of original jurisdiction, may not sit in direct review of state courts." Id. (citing Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006)). "To enforce this distinction, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).[2] "If the plaintiff 'is challenging the state-court decision,' the doctrine bars federal suit 'even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court.'" Id. (quoting Davani, 434 F.3d at 719).

"In Rooker, the plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was 'null and void' because, they alleged, it was in violation of the Constitution." Davani, 434 F.3d at 716 (quoting Rooker v. Fidelity Trust Co., 263 U.S. 413, 414–15 (1923)). "The Supreme Court concluded that the district court lacked subject-matter jurisdiction over the claim because '[u]nder the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state-court]

---

[2] "The Rooker–Feldman doctrine is the namesake of Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983)." Davani, 434 F.3d at 716.

6

judgment for errors of [Constitutional] character.'" Id. (second alteration added) (quoting at Rooker, 263 U.S. at 416).

Here, Plaintiff—in her own words—"appeals the decisions of the State of WV Supreme Court of Appeals (16-0991) who upheld the lower court decisions (16-D-71) . . . ." ECF No. 1 at 4. In relief, Plaintiff requests this Court to "reverse judgment below" and, if necessary, "remand this case back to the lower family court" for further proceedings. Id. Because Plaintiff's Complaint plainly asks this Court to review the judgment of the Supreme Court of Appeals of West Virginia, the Rooker-Feldman doctrine applies and this Court is without subject jurisdiction.

## VI. RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject matter jurisdiction and dismissal is warranted pursuant to the Federal Rule of Civil Procedure 12(h)(3). Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion [ECF No. 2] for Leave to Proceed Without Prepayment of Fees and Motion [ECF No. 5] to Appoint Counsel be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Rebecca Ferguson may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 16th day of October, 2017.

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE